IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BMN ENTERPRISES, LLC, and BOKI, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> PROOVE BIOSCIENCES, INC., <br><br> Defendant. | CIVIL NO. 16-00386 DKW-KJM <br><br> **ORDER REGARDING SUBJECT MATTER JURISDICTION** |

## ORDER REGARDING SUBJECT MATTER JURISDICTION

On July 11, 2016, Plaintiffs BMN Enterprises, LLC and Boki, Inc., filed this action asserting subject matter jurisdiction based solely upon diversity of citizenship, 28 U.S.C. § 1332.  *See* Complaint ¶ 5.  Section 1332(a)(1) provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  In order to satisfy the requirements of Section 1332, there must be complete diversity of citizenship between the opposing parties -- in other words, all of the plaintiffs must be citizens of states different than those of all of the defendants.  *Exxon Mobil Corp. v.*

1

*Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[Section] 1332 . . . requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); *Kuntz v. Lamar Corp.,* 385 F.3d 1177, 1181 (9th Cir. 2004). The court may address subject matter jurisdiction *sua sponte*. *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983); Fed. R. Civ. P. 12(h)(3).

Plaintiff BMN Enterprises, LLC is a limited liability corporation. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to establish diversity jurisdiction, the citizenship of all owners and/or members of an LLC must be alleged. *Id*. The Complaint, however, does not indicate the identity or citizenship of all the owners or members of BMN Enterprises, LLC, nor if any of the owners or members are themselves LLCs and/or unincorporated associations. The Complaint alleges only that BMN Enterprises, LLC "is a Hawaii, corporation." Complaint ¶ 2. Without additional information regarding the LLC's members, the court is unable to determine whether diversity jurisdiction exists.

Plaintiffs bear the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994). At the pleading

stage, Plaintiffs must allege sufficient facts to show a proper basis for the court to assert subject matter jurisdiction over the action. *Johnson*, 437 F.3d at 899; Fed. R. Civ. P. 8(a)(1).

Accordingly, Plaintiffs are directed to identify all of the owners and/or members of BMN Enterprises, LLC and to specify their citizenship by **August 12, 2016**. If any of the members of BMN Enterprises, LLC are themselves LLCs and/or unincorporated associations, Plaintiffs shall identify those entities and specify their citizenship as well. If Plaintiffs fail to respond to this Order by **August 12, 2016**, the court will find that Plaintiffs have not carried their burden of establishing this court's jurisdiction.

IT IS SO ORDERED.

DATED: July 13, 2016 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*BMN Enters., LLC et al. v. Proove Biosciences, Inc.*; Civil No. 16-00386 DKW-KJM; **ORDER REGARDING SUBJECT MATTER JURISDICTION**